March 16, 2015

77,138-25,26,27, 28,29

Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin, Texas 78711

RE: Filings of Malpractice Civil Suite against defense counsel
Calvin D. Johnson

Dear Court of Criminal Appeals,

I have filed three(3) different Pro Se Original Petitions for civil lawsuits for Legal Malpractice against Calvin D Johnson in the Civil Tort Courts of Dallas County, addressed at: Felicia Pitre District Clerk, George L. Allen SR. Courts Building, 600 Commerce St, Suite 103, Dallas, Texas 75202. Please see attachment Exhibit A, which is proof that I have been filing my petition with such court, and I am constantly ignored when it comes to my Petition going forward. I am requesting that this Higher Court to ORDER the Dallas County District Clerk to file my Petition for Civil suit against Calvin D. Johnson. Thanks in advance for your time.

Sincerely,
SENRICK WILKERSON

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 19 2015

Abel Acosta, Clerk

January 19, 2015

GEORGE L. ALLEN, SR. COURTS
BUILDING
600 Commerce Street, Suite 103
Dallas, TX 75202-4606

RE: Pro Se Original Petition for Legal Malpractice law suit
     Plaintiff Senrick Wilkerson VS. Defendant Calvin D. Johnson

Dear Civil Courts,
     Enclosed is a copy of the Pro Se Original Petition for Civil Lawsuit for Legal Malpractice, and a copy of the Affidavit of Indigency, for the Petition. Since this court has recently claimed that the first Petition was not enclosed in the first envelope mailed to you in regards to this suit, I have forwarded a new Petition to this court, and one to the United States Supreme Courts I received your letter where you claimed that my Petition was not in the envelope. The letter that I mailed along with my first Petition dated December 23, 2014; I noticed that this Court filed my first letter with a stamped, saying filed on Dec. 29, 2014. But someone in the Court whited-out the stamp and wrote me a message on a yellow sticky note.

                                            Sincerely,
                                            Senrick Wilkerson

                                            SENRICK WILKERSON 1885146
                                            Ramsey I Unit
                                            1100 FM 655 7E-2-17 T
                                            Rosharon, TX 77583

P.S.
Please file the the enclosed
Petition, and mail a copy back to me
which should include the case number.

                                            Exhibit
                                            A

EX PARTE

SENRICK WILKERSON
APPLICANT

IN THE COURT OF
CRIMINAL APPEALS
AUSTIN TEXAS MOTION DENIED
DATE: 3-25-15
BY: [signature]

## APPLICANT'S MOTION FOR EVIDENTIARY HEARING

TO THE HONORABLE JUSTICES OF SAID COURT: Greetings.

COMES NOW, Senrick Wilkerson, the Applicant herein, and files this pro se Motion for Evidentiary Hearing to the above instant applications, and for good cause would show the Courts as follows:

### I.

Applicant has filed a Writ of Habeas Corpus seeking an out-of-time appeal opportunity and for writ No. W10-01183-J(F), a subsequent writ based on newly discovered evidence challenging the conviction, the sentence and an out-of-time appeal before the Texas Court of Criminal Appeals. Portley V. State 89 S.W. 3d 188, 189 (Tex.App.-Texarkana, 2002, no pet.); Reyes V. State 883 S.W. 2d 291, 293, n.2 (Tex. App. - El Paso, 1994 no pet.) This is not attack on the underlying conviction for writ Nos. W08-60213-    W10-01184-J(E) and W10-01185-J(A). See In re Cain 137 F. 3d 234, 235 (5th Cir. 1998).

The State will appear, by and through its District Attorney, and is expected to generally and specifically deny each and every allegation of fact made by the Applicant, while demanding strict proof of the same. She will likely recommend relief be denied. See V.A.C.C.P. Ann. art. 11.07, §3(b).

### II.

In seeking his out-of-time appeal opportunity, Applicant has alleged, inter alia, that he suffered a denial of his full right to be heard on appeal, and that the same resulted by and through a variety of acts and omissions knowingly undertaken by a biased Trial Court and her malpracticed and ineffective defense counselor, Mr. Calvin D. Johnson. Counsel's misbehavior secreted factual predicate(s) from the records at the first direct appeal, the subject of the instant application. However, it is well settled that the inadequacy of an appellate record is often due to the inherent nature of most ineffective assistance of counsel claims on direct appeal. Ex Parte Brown 158 S.W. 3d (Tex. Crim. App. 2005). Thus, fairness to all parties requires a party to advance his complaints at a time when there is an opportunity [as here] to respond or cure them. Young V. State 826 S.W. 2d 141, 149 (Tex. Crim. App. 1991); Loredo V. State 159 S.W. 3d 920 (Tex. Crim. 2004). In any event, Applicant will state that the District Clerk of Dallas County will confirm that the files are missing from cause Nos. F10-01182, F10-01183, F10-01184 & F10-01185; And that the District Clerk and Dallas Police Department can not produce the Arrest Records, the offense reports, the arraignment documents, the sworn arrest

Page 1 of 3

affidavits, the Information, the complaint affidavits and the prosecution never once presented cause Nos. F10-01182, F10-01183, F10-01184 & F10-01185 before any Magistrate Judge or grand jury. The State can not produce any of the documents mentioned to set forth evidence of record to support the illegal prosecutions which totally denied Applicant of his due process, See U.S. Const. Amends. VI, XIV; Tex. St. Const. Art. 1 §§ 19,19.

However, the Honorable Fourth Court of Appeals District, San Antonio, has previously indicated that in the absence of a clear showing to the contrary, it would presume the Trial Court was neutral and detached. Abdygapparova V. State 243 S.W. 3d 191 (Tex. App.-San Antonio, 2007) (citing Steadman V. State 315 S.W. 3d 738, 741 (Tex. App.-Houston [1st Dist.] 2000, pet. ref'd).

The fact that the files are missing shows evidence that Applicant was denied due process. See U.S. Const. Amends. VI, XIV; Tex. St. Const. art. 1 §§ 10,19. Thus, the need for an evidentiary hearing appears from the face of the Trial Court record. Secondly, the issues to be considered and the and the evidence to be taken are directly relevant to legitimate points of error, the development of which will be necessary in order for this Honorable Court to maintain the integrity and efficiency of the appellate process. See, generally, Harris V. State 818 S.W. 2d 231 (Tex. App.-San Antonio, 1991, no pet.); Harris V. State 827 S.W. 2d 442 (Tex. App.-San Antonio, 1992, no pet.) (good cause shown to suspend Tex. R. App. P. 31 (a); out-of-time motion for a new trial). Relief must be granted.

WHEREFORE, PREMISES CONSIDERED, Applicant prays that this Honorable Court GRANT his Motion for Evidentiary Hearing and, in the interest thereof, ORDER (1) a Writ of Habeas Corpus "Ad Testificandum" is simply a judicial order directing the warden and TDCJ-ID to release to Dallas County for the purpose of testifying, and (2) the subpoena of Defense counsel Calvin D. Johnson, 3131 McKinney Ave., Suite 600, Dallas, Texas 75204; Prosecutor Brooke B. Grona-Robb, Frank Crowley Courts Building, 133 N. Riverfront Blvd., LB19, Dallas, TX 75207 and Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB 12, Dallas, Texas 75207 & Dallas Police Department, Open Records Agent, Jack Evans Headquarters, 1400 S. Lamar Street, Dallas, Texas 75215, in order that they may be cross-examined in the presence of Dallas County District Court, in Dallas County, Texas, and for their much-needed assistance in developing the reasons why the files are missing, why there are no complaint affidavits, why the arraignment documents don't exist, why there are no arrest records, why there are no offense reports, why there is no Information, why there was never any investigations executed, why there was never any physical or DNA evidence presented, why the prosecution never presented these cases to any Magistrate Judge or grand jury, why Dallas County is showing four (4) different arrest dates (for F10-01183 & F10-01184), and why Applicant was

Page 2 of 3

never once ever arrested and never arraigned for F10-01182 sexual performance by a child, F10-01183 sexual performance by a child, F10-01184 sexual assault on a child & F10-01185 compelling prostitution. Shiloh-Bryant V. Director, TDCJ-ID, supra.; Strickland V. Washington 466 U.S. 608, 104 S. Ct. 2052.

Respectfully submitted,

SENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 ~~TEST~~ TE-2-177
Rosharon, TX 77583

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, the foregoing Motion for Evidentiary Hearing has been U.S. mailed to: Court of Criminal Appeals, P.O. BOX 12808, Capitol Station, Austin, Texas 78711.

SENRICK WILKERSON

EX PARTE

SENRICK WILKERSON

IN CRIMINAL DISTRICT
COURT NO. 3
DALLAS COUNTY, TEXAS

## APPLICANT'S PROPOSED FINDINGS OF FACT,
## CONCLUSIONS OF LAW, AND ORDER

1. Page 2 of the State's Response alleges a Section 4, article 11.07 bar to the instant application. No such bar exists.

In Ex Parte Evans 964 S.W. 2d 643(Tex. Crim. App. 1998), this Honorable Court held that:

"Both the definition of 'conviction', and this Court's case law regarding writ applications leads us to the conclusion that the procedural bar of §4 [Tex. C.C.P. art. 11.07] is limited to instances in which the initial application raises claims regarding the validity of the prosecution or judgment of guilt. It does not apply to claims regarding other matters [which have nothing] to do with the conviction other than sharing the same forum or fact-finding... As a result, [Evans's] application is not barred by Section 4 because Applicant's prior application did not involve a claim which challenges the conviction or sentence within the meaning of Article 11.07, §4."

See also, Ex Parte Rawlinson 958 S.W. 2d 198(Tex. Crim. App. 1997)(the term "conviction", encompasses judgment and sentence only).

Page 1 of the instant application clearly defines that:
"Applicant has filed a writ of Habeas Corpus seeking an out-of-time appeal opportunity before the Texas Court of Criminal Appeals, Portley V. State 89 S.W. 3d 188, 189 (Tex. App.-Texarkana 2002, no pet.); Reyes V. State 89 S.W. 2d 291, 293, n.2 (Tex. App.-El Paso, 1994, no pet.) See In re Cain 137 F. 3d 234, 235 (5TH Cir. 1998...")). Also, on Page 1 of the instant application, Applicant specifically underlined 'out-of-time' appeal, and hand wrote the same notation to indicate that Applicant is challenging an out-of-time appeal only, and not the conviction. Accordingly, Applicant Objects to the Trial Court's having improvidently dismissed the instant application without due process of the instrument.

2. Applicant takes this opportunity to re-assert his prior request for an evidentiary hearing at State level. Specifically, the Judicial Grant of the New Trial, evidenced by the Record, creates a factual dispute which, if resolved in the Applicant's favor, would entitle him to relief. See East V. Scott 55 F. 3d 996 (5TH Cir. 1995).

The State's characterization of the Grant notation as "Illegible Markings" will require a closer examination of the original documents, absent the effect of photocopying.

Further, the State's allegation that the Court's "Clarification" by noting that he had not ruled on said motion is not subject to being deemed a denial by operation of law. As argued before, the Court's untimely response, if any, is statutorily barred by the applicable 75 day time limit.

Indeed, where a different judge reviews a habeas application, a paper hearing may not be sufficient. In Nethery V. Collins 933 F. 2d 1157 (5TH Cir, 1993) Cert, denied 114 S. Ct. 1416 (1994). The court noted that a different judge has no basis for making credibility choices between conflicting claimants, establish (1) That the finding was not correct, and (2) That a full and fair hearing was not conducted.

Thus, an evidentiary hearing is required to determine Applicant's right to his New Trial as originally Granted. Nethery V. Collins 933 F. 2d 1157 (5TH Cir, 1993) cert. denied 114 S. Ct. 1416 (1994).

## PRAYER

Applicant prays this Honorable Court REMAND the instant application back to the Trial Court for full consideration of the merits of his allegations.

Respectfully submitted,

SIENRICK WILKERSON 1885146
Ramsey I Unit
1100 FM 655 TE-2-17T
Rosharon, TX 77583

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, the foregoing Motion has been U.S. mailed to: Felicia Pitre District Clerk, 133 N. Riverfront Blvd., LB12, Dallas, Texas 75207 & Court of Criminal Appeals, P.O. Box 12308, Austin, TX 78711.

SIENRICK WILKERSON

## ORDER

The above Motion is hereby: (granted) (overruled)

_____
JUDGE

Page 2 of 2